IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
2017 FEB -1 PM 2:33
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

Herbert E. Townsend,
an individual,

      Plaintiff,

v.

Brooks Sports, Inc.,
a Washington corporation,

      Defendant.

Civil Action No.: _____

2:17-CV-62-FtM-99MRM

## COMPLAINT

Plaintiff, Herbert E. Townsend (hereinafter "Plaintiff") for his complaint against Brooks Sports, Inc. (hereinafter "Brooks"), alleges as follows:

### THE PARTIES

1. Plaintiff is an individual who resides in this judicial district.

2. Defendant Brooks is, upon information and belief, a Washington corporation having its principal place of business at 3400 Stone Way North 5th Floor Seattle, Washington 98103.

### JURISDICTION AND VENUE

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant conducts significant business in this judicial district and is registered with the Florida Department of State.

6. This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendant has directed efforts to sell products accused of infringement throughout the United States, including this judicial district. Upon information and belief, a reasonable opportunity for discovery will show that Defendant has offered its accused products to distributors in this judicial district and/or has committed acts of infringement within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, upon information and belief, Defendant has committed acts of infringement within this judicial district and resides within this judicial district as construed under applicable law.

## BACKGROUND

8. On February 17, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,490,416 (the "416 Patent"), which is entitled "Shoe With Cushioning And Speed Enhancement Midsole Components And Method For Construction Thereof." A true and correct copy of the 416 Patent is attached hereto as **Exhibit A.**

9. Plaintiff is the inventor of the invention patented by the 416 Patent and owner of the 416 Patent. By virtue of his ownership of the 416 Patent, Plaintiff has standing to assert all causes of action arising under the 416 Patent and the right to any remedy for infringement of the 416 Patent.

2

10. The 416 Patent discloses and claims inventions relating to an athletic shoe, in particular a running shoe, having improved cushioning and energy returning properties that vary depending upon the speed of the runner.

11. Brooks makes, imports, sells, and/or offers for sale running shoes that include a material in the midsole to provide cushioning. Brooks refers to the cushioning material as "Brooks DNA."

12. Brooks describes Brooks DNA as "a highly viscous non-Newtonian material or more simply put, a material that adapts to the specific force you apply to it." Brooks refers to this behavior of Brooks DNA as "adaptive cushioning."

13. Brooks filed an application for a United States Patent from which United States Patent No. 8,209,885 ("Brooks 885 Patent"), titled "Shoe Assembly With Non-Linear Viscous Liquid," issued. A true and correct copy of the Brooks 885 Patent is attached hereto as **Exhibit B**.

14. Brooks 885 Patent describes Brooks DNA as having a resiliency that is a function of a level of impact to the material.

15. Brooks has made, imported, sold, and/or offered for sale running shoes having a midsole having formed inserts as shown by Brooks 885 Patent that are made of material that includes Brooks DNA to provide Brooks DNA cushioning at the locations of the formed inserts.

16. Brooks has also made, imported, sold, and/or offered for sale running shoes having a midsole made of material in which Brooks DNA is blended with another material to provide Brooks DNA cushioning throughout the midsole.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,490,416 BY BROOKS FORMED INSERT SHOES

17. Plaintiff repeats and re-alleges the preceding paragraphs as though they were expressly stated herein.

18. Brooks has made, imported, used, sold, and/or offered for sale in the United States athletic shoes that include midsoles that are made of a material that has an elastic modulus that does not change with loading and that has at least one cavity formed in the midsole from the top surface of the midsole. (Brooks DNA Insert Shoes)

19. In one or more cavities in the midsole of Brooks DNA Insert Shoes is an insert that fills the cavity and that is made of a material that Brooks refers to as Brooks DNA that is stiff under fast loading and is softer when loaded slowly.

20. Brooks DNA material is described by Brooks 885 patent at col. 6 lines 3 through 18 and elsewhere in that patent.

21. Brooks DNA material is a dilatant material as described by the 416 patent.

22. Brooks DNA Insert Shoes contain, embody, and employ the invention described and claimed in the 416 patent, in violation of Plaintiff's rights thereunder.

23. Brooks DNA Insert Shoes infringe at least claim 1 of the 416 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. That the Court enter judgment in favor of Plaintiff that Brooks has infringed and is infringing the 416 Patent;

B. That the Court enter a judgment finding that Brooks' infringement has been, and is, willful;

C. That the Court enter a judgment and order under 35 U.S.C. § 284 requiring Brooks to pay Plaintiff his damages, including pre-judgment and post-judgment interest, for Brooks' infringement of the 416 Patent and that such damages be trebled;

D. That the Court find this case exceptional under 35 U.S.C. § 285, and award Plaintiff its costs and fees in this action, including reasonable attorneys' fees;

E. That the Court enter an order permanently enjoining Brooks and its officers, agents, subsidiaries, successors, and employees from further infringement of the 416 Patent; and

F. That the Court grant Plaintiff such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of any issues so triable.

Respectfully submitted,

Dated: February 1, 2017

Steven J. Hampton, Esq.
Illinois Bar No. 6192738
MCANDREWS HELD & MALLOY
500 West Madison, 34th Floor
Chicago, IL 60611
Ph.: (312) 775-8000
Fax: (312) 775-8100
SHAMPTON@mcandrews-ip.com
Counsel for Plaintiff, Herbert E. Townsend
(*Motion for Pro Hac Vice Admission to be filed*)

David C. Potter, Esq.
Florida Bar No. 0388254
BUCHANAN INGERSOLL & ROONEY
2235 First Street
Fort Myers, FL 33901
Ph.: (239) 334-7892
Fax: (239) 334-3240
david.potter@bipc.com
Counsel for Plaintiff, Herbert E. Townsend