UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERBERT E. TOWNSEND,

    Plaintiff,

v.                                                                Case No: 2:17-cv-62-FtM-99MRM

BROOKS SPORTS, INC.,

    Defendant.
_____/

# ORDER

Pending before the Court is Plaintiff's Motion for Leave to Take Limited Discovery in Response to Motion to Dismiss or Transfer (Doc. 41) filed on July 21, 2017 and Defendant's response thereto (Doc. 43) filed on August 4, 2017.

Previously in this patent litigation, Defendant filed its Motion to Dismiss or Transfer for Improper Venue (Doc. 38) seeking dismissal of this action or, in the alternative, transfer of this case to the Western District of Washington. (*Id.* at 31). In the Motion, *sub judice*, Plaintiff states that Defendant's Motion to Dismiss or Transfer for Improper Venue "is currently supported by a declaration from one of its employees, Rick Wilhelm." (Doc. 41 at 1). Plaintiff states that this Declaration asserts facts relating to Defendant's activity in this district and Defendant's business. (*Id.*). Plaintiff further states that Defendant's Motion to Dismiss relies on these facts. (*Id.*). Plaintiff contends that he has not had any opportunity to take discovery on these issues, to explore the Wilhelm Declaration, or to discover additional facts. (*Id.*). Thus, Plaintiff contends that "[t]his incomplete record supports the need for additional discovery to determine whether venue is proper." (*Id.*).

Based on these arguments, Plaintiff specially requests that the Court – in the event it does not deny Defendant's pending Motion to Dismiss – "(1) grant Plaintiff leave to conduct limited discovery on the issues of Brooks' business that is relevant to venue in this district (without prejudice to Plaintiff's right to take further discovery later on issues other than venue) including service of interrogatories and requests for production," and "(2) hold in abeyance any decision on Brooks' Motion to Dismiss until Plaintiff is able to supplement its opposition with the results of that discovery." (*Id.* at 3).

Defendant opposes the relief requested by Plaintiff. (*See* Doc. 43 at 5).[1] Specifically, Defendant argues that Plaintiff's motion is "based on the false premise that 'Plaintiff has not had the opportunity' to take discovery on the 'facts as to Brooks' activity in this district and Brooks' business.'" (*Id.* (citing Doc. 41 at 1)). Defendant contends that "discovery opened months ago." (*Id.*). As a result, Defendant argues that Plaintiff's excuse is misplaced and that Plaintiff should not be allowed "a do-over in briefing relating to Townsend's defective choice of venue." (*Id.*). Additionally, Defendant argues that Plaintiff's Motion "should also be denied as untimely because Townsend has long known of Brooks' objection to venue." (*Id.*). Defendant argues that, even with this knowledge, Plaintiff "still has not propounded any discovery on the issue of venue." (*Id.*). Finally, Defendant argues that Plaintiff has not "specifically identified any relevant facts that are allegedly missing from the record or how discovery would provide them." (*Id.*).

The decision whether to grant a motion for discovery is within the discretion of the Court. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009). In making the determination of whether jurisdictional discovery should be permitted, courts may evaluate the

---

[1] The Court cites to the pagination in CM/ECF, not Defendant's pagination.

timeliness of the request. *See id.* at 1281. When a party fails to take timely steps to seek discovery, the Court may deny the request. *See id.* In this instance, the Court agrees with Defendant and finds that Plaintiff's Motion is due to be denied as untimely.

As an initial matter, the Court notes that Plaintiff cites various authorities suggesting that discovery is helpful in deciding motions to dismiss, especially those involving jurisdiction and venue. (Doc. 41 at 2 (citing *e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). While this is often true, as pointed out by Defendant, the authorities cited by Plaintiff primarily deal with the situation where a party is seeking to conduct discovery on a Fed. R. Civ. P. 12 motion *prior* to discovery opening. (Doc. 43 at 7 (citing *e.g.*, *Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-60897-CIV, 2007 WL 4287662, at *2 (S.D. Fla. Dec. 5, 2007))). That situation is not present here.

Specifically, in general, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The Court notes that Fed. R. Civ. P. 26(f) concerns a conference of the parties to discuss, *inter alia*, the parties' discovery plan. After the Rule 26(f) conference, the parties may engage in discovery. *See* R. Civ. P. 26(d)(1). In this action, the parties conducted a Case Management Meeting pursuant to Rule 26(f), as evidenced by the joint Case Management Report filed on May 22, 2017. (*See* Doc. 29). Having complied with the requirements of Rule 26(d)(1), the parties were permitted to seek discovery at that time. Further, if there was any uncertainty regarding when discovery could begin, that uncertainty should have been raised at the June 13, 2016 Preliminary Pretrial Conference. At that time, the Court and the parties discussed discovery issues, including the discovery deadline. The parties were certainly on notice by that date that they could seek discovery. In fact, the record shows that Plaintiff served discovery requests unrelated to venue

3

on June 21, 2017.  (*See* Docs. 43-2, 43-3).  Because discovery has been open since at least May 22, 2017, the present situation is not one where the movant sought relief promptly before discovery opened.  Thus, the authorities cited by Plaintiff are distinguishable.

Moreover, because discovery had been open for two months prior to the filing of his Motion, Plaintiff's contention that he has not had the ability to seek discovery regarding venue is not accurate.  Plaintiff has, in fact, had the ability to seek discovery related to venue since at least May 22, 2017, but has apparently chosen not do so until now.  Plaintiff's ability to seek relevant discovery, and his corresponding choice not to do so, weighs against finding that Plaintiff's motion is timely.

Furthermore, the Court notes that the timing of Plaintiff's Motion for discovery is curious.  Specifically, Plaintiff filed his Motion *after* he filed a response in opposition (Doc. 40) to Defendant's Motion to Dismiss or Transfer for Improper Venue (Doc. 38).  As a result, Defendant's Motion is now fully ripe.  Logically, if Plaintiff needed additional information to be able to respond to Defendant's Motion, Plaintiff should have moved for discovery *before* he filed his response in opposition.  Plaintiff chose not to proceed in this manner.  Moreover, the present situation is not one where the issue of venue is a surprise.  Plaintiff has known of Defendant's objection to venue since, at the very least, the time of the Preliminary Pretrial Conference on June 13, 2016.  Despite being on notice of the venue issues, Plaintiff did not previously seek any discovery from Defendant regarding those issues.

At this point, the Court has a fully ripe Motion to Dismiss or Transfer for Improper Venue (Doc. 38) pending before it.  If the Court grants Plaintiff's Motion, however, the Court will not be able to resolve Defendant's Motion for some time, causing a delay not only to the proceedings in this Court but also potentially to the court in Washington should the case

ultimately be transferred there. Thus, for the reasons articulated above, the Court finds no reason to delay further the resolution of the fully ripe Motion to Dismiss or Transfer for Improper Venue (Doc. 38) and, therefore, denies Plaintiff's Motion for Leave to Take Limited Discovery in Response to Motion to Dismiss or Transfer (Doc. 41) as untimely.

As a final matter, the Court is certainly sensitive to any issue regarding its ability to resolve Defendant's Motion upon a complete record. At this time, however, the Court has no basis to conclude that the record before it is incomplete. Specifically, while Plaintiff argues that the record regarding venue is incomplete, (Doc. 41 at 1), Plaintiff has not articulated what additional facts, in any, are allegedly missing from the record or how discovery would provide them. On this point, Plaintiff's Complaint contends venue is proper in this district based on 28 U.S.C. §§ 1391 and 1400(b). Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In his Motion, Plaintiff states that he is seeking discovery for "the contacts of Defendant . . . with this district." (Doc. 41 at 1). Despite this contention, Plaintiff's Motion provides no basis for the Court to conclude that Defendant's "contacts" with this district are something that the Court must specifically consider in determining proper venue, or that the record currently before the Court on this point is somehow incomplete. Plaintiff's conclusory statement that the current record is incomplete is not sufficient. Accordingly, Plaintiff's Motion is due to be denied on this basis as well.

Accordingly, for the reasons articulated above, the Court hereby **ORDERS** that:

Plaintiff's Motion for Leave to Take Limited Discovery in Response to Motion to Dismiss or Transfer (Doc. 41) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on August 11, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties